**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Intellectual Ventures II LLC, §<br>   *Plaintiff*, §<br>§<br>v. §<br>§<br>Kemper Corporation; §<br>Trinity Universal Insurance Company d/b/a §<br>Kemper Preferred; §<br>Unitrin County Mutual Insurance Company §<br>d/b/a Kemper Direct and Kemper Specialty; §<br>Charter Indemnity Company d/b/a Kemper §<br>Specialty, §<br>   *Defendants*. § | Case No.: _____<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff files this Original Complaint for Patent Infringement against Kemper Corporation, Trinity Universal Insurance Company, Unitrin County Mutual Insurance Company, and Charter Indemnity Company ("Kemper" or "Defendants"); and alleges as follows:

**I.  NATURE OF THE SUIT**

1.  Defendants are part of the $8 billion Kemper family of insurance companies. Defendants offer personalized solutions for individuals, families and businesses, and in doing so infringe two patents owned by Intellectual Ventures II LLC -- United States Patent Nos. 6,516,442 and 7,516,177. Despite warnings from Intellectual Ventures, Defendants continue to infringe Intellectual Venture's patents. Intellectual Ventures brings this action for patent infringement—arising under the patent laws of the United States, Title 35 of the United States Code—to protect its valuable property interests and prevent further infringement by Defendants of its property rights.

## II.  THE PARTIES

2. Plaintiff **Intellectual Ventures II LLC** ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 3150 139th Ave. SE, Bellevue, Washington 98005.

3. Defendant **Kemper Corporation** is a corporation organized and existing under the laws of the state of Delaware and maintaining its principal place of business at One East Wacker Drive, Chicago Illinois 60601. Kemper Corporation does business in the State of Texas, including in the Eastern District of Texas, through the other named Defendants herein, and may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant **Trinity Universal Insurance Company**, d/b/a Kemper Preferred, is a Texas corporation having its principal place of business at 12790 Merit Drive, Suite 400, Dallas, Texas 75251.  Trinity Universal Insurance Company does business in the State of Texas, including in the Eastern District of Texas, and can be served with process through its registered agent, C T Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.

5. Defendant **Unitrin County Mutual Insurance Company**, d/b/a Kemper Direct and Kemper Specialty, is a Texas corporation having its principal place of business at 8360 LBJ Freeway Suite 400, Dallas, Texas 75243.  Unitrin County Mutual Insurance Company does business in the State of Texas, including in the Eastern District of Texas, and can be served with process through its registered agent, C T Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.

6. Defendant **Charter Indemnity Company**, d/b/a Kemper Specialty, is a Texas corporation having its principal place of business at 8360 LBJ Freeway Suite 400, Dallas, Texas

75243. Charter Indemnity Company does business in the State of Texas, including in the Eastern District of Texas, and can be served with process through its registered agent, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7. Relief is sought against Defendants jointly, severally, or in the alternative with respect to Defendants' acts arising out of the same transaction, occurrence, or series of transactions or occurrences related to the use and implementation of the various infringing instrumentalities identified herein. In light of that, and in light of the relationship that exists between the Defendants and their implementation of the infringing instrumentalities identified herein, questions of fact common to all Defendants will arise in this action.

### III. JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Defendant Kemper Corporation is a leading provider of an array of multi-line home, auto, life, and health insurance products to serve individual and business market needs throughout the United States. Kemper Corporation offers these insurance products directly and in conjunction with its family of companies through various business segments of Kemper Specialty, Kemper Preferred, and Kemper Direct. Kemper Specialty, Kemper Preferred, and Kemper Direct are comprised of various entities, including the following domiciled in Texas: Trinity Universal Insurance Company, Unitrin County Mutual Insurance Company, and Charter Indemnity Company. Defendants market to their customers through a network or independent agents, brokers, and career agents throughout the United States, including within the Eastern District of Texas.

10. Defendants maintain continuous and systematic contacts within this District. Through their presence in the State of Texas and through their relationship with insurance agents, adjusters, and customers Defendants have purposefully availed themselves of the benefits and privileges of conducting business in Texas and within this District. Through these contacts, Defendants encourage agents throughout the district to sell and market their insurance services to businesses and individuals throughout this District. Defendants also collect premium payments from businesses and individuals throughout this District. Defendants receive, process, and adjust claims either directly or through independent adjusters throughout this District, where such claims are based on events that have occurred within this District.

11. Defendants, directly or through intermediaries, have conducted and conduct substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from services provided to individuals in Texas and in this District.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## IV.  BACKGROUND

13. Intellectual Ventures was founded in 2000 on the fundamental premise that inventions are valuable. Since its founding, Intellectual Ventures has built on this premise by working to ensure that a market for invention continues to thrive. Intellectual Ventures creates inventions and files patent applications for those inventions, collaborates with others to develop

and patent inventions, and acquires and licenses patents from individual inventors, universities, and other institutions. A significant aspect of Intellectual Ventures' business is managing the intellectual property owned and controlled by Plaintiff such as the patents at issue in this case.

14. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 patent assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures has committed over $6 billion in capital for inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

15. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and files hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

16. Intellectual Ventures also invents by collaborating with inventors and research institutions around the world. Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors

and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing for patents on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

17. This cause of action asserts infringement of patents that Intellectual Ventures acquired as part of its effort to create an efficient market for inventions. This case involves United States Patent No. 6,516,442 B1, entitled "Channel Interface and Protocols for Cache Coherency In a Scalable Symmetric Multiprocessor System" (the "'442 Patent") and United States Patent No. 7,516,177 B2, entitled "Apparatus for Distributing Content Objects to a Personalized Access Point of a User of a Network-Based Environment and Method" (the "'177 Patent) (collectively, the "Patents-in-Suit").

18. On February 4, 2003, the '442 Patent was duly and lawfully issued by the United States Patent & Trademark Office ("PTO"). A copy of the '442 Patent is attached hereto as Exhibit A.

19. On April 7, 2009, the '177 Patent was duly and lawfully issued by the PTO. A copy of the '177 Patent is attached hereto as Exhibit B.

20. Intellectual Ventures II LLC is the owner and assignee of all right, title, and interest in and to the '442 and '177 Patents and holds the right to sue and recover damages for infringement thereof, including past damages.

21. Kemper Corporation in conjunction with its subsidiary companies (Trinity Universal Insurance Company, d/b/a Kemper Preferred; Unitrin County Mutual Insurance Company d/b/a Kemper Direct and Kemper Specialty; and Charter Indemnity Company, d/b/a Kemper Specialty) write personal and commercial lines of property and casualty insurance coverage—among other insurance products and services—exclusively through independent

insurance agents located in the United States, including the State of Texas and within this District.

22. With $8 billion in assets, Defendants tout themselves as an insurance provider that is improving the world of insurance by offering personalized solutions for individuals, families and businesses. Defendants employ over 6,000 associates, and are represented by more than 20,000 independent agents and brokers throughout the United States, including Texas and this District.

23. Defendant's 6,000 associates provide innovative solutions for policyholders and agents. Defendants partner with their agents to help ensure customers are offered the correct products to fulfill their unique needs.

24. Across each of its business and corporate functions, Defendants implement shared services to help streamline processes and deliver overall cost savings. Some of these savings are reinvested into key initiatives, but most of the savings go directly to reducing company expenses.

25. As part of Defendants' shared services, Defendants provide online services and other systems via electronic means, and use and maintain computer systems and software in the course of its business, including, but not limited to, provision of online services. These online services are designed to provide policyholders and agents with fast, reliable, and personalized access to account and policy information, as well as other online resources.

26. The ability of policyholders and agents to access account and policy information in an efficient online manner streamlines requests for information, eliminates substantial personnel costs that would otherwise be incurred by Defendants, provides for greater internal efficiencies, and results in greater agent and policyholder satisfaction by meeting demand for efficient and timely personalized access to key information.

27. In connection with these online services and other systems, Defendants infringe one or more claims of the '442 Patent and the '177 Patent as set forth below.

## V. CLAIMS

28. The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

29. Based on the above-described services and products, Plaintiff asserts the following against Defendants:

### CLAIM 1
### Direct Patent Infringement of the '442 Patent

30. Defendant Kemper Corporation has directly infringed and continues to infringe at least claim 1 of the '442 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Plaintiff's authority, its shared-memory multiprocessor computer systems. By way of example only and without limiting Plaintiff's claims to this specific example, Kemper Corporation's implementation and use of multiprocessor switch-fabric computer storage systems infringes at least claim 1 of the '442 Patent.

31. For example, but without limitation, Kemper Corporation's implementation and use of EMC VMAX and VNX Storage Arrays, utilizes switches to route packets across the internal network and exchange those packets over various network channels while providing error correction functionality.

32. On information and belief, Defendants' implementation of the accused instrumentality utilizes a plurality of channels configured to transfer the packets.

33. On information and belief, Defendants' implementation of the accused instrumentality utilizes a plurality of switch interfaces configured to exchange the packets with the switch fabric, exchange the packets over the channels, and perform error correction of the

data in the packets exchanged over the channels.

34. On information and belief, Defendants' implementation of the accused instrumentality utilizes a plurality of microprocessor interfaces configured to exchange the data with a plurality of microprocessors, exchange the packets with the switch interfaces over the channels, and perform error correction of the data in the packets exchanged over the channels.

35. On information and belief, Defendants' implementation of the accused instrumentality utilizes a memory interface configured to exchange the data with a memory device, exchange the packets with the switch interfaces over the channels, and perform error correction of the data in the packets exchanged over the channels.

36. Intellectual Ventures has been injured and seeks damages to adequately compensate it for Kemper Corporation's infringement of the '442 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

37. Kemper Corporation will continue to infringe the '442 Patent unless enjoined by this Court. Intellectual Ventures therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining Kemper Corporation from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the '442 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '442 Patent.

### CLAIM 2
### Direct Patent Infringement of the '177 Patent

38. Defendants have directly infringed and continue to infringe at least claim 1 of the '177 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiff's authority, system(s) used to implement various portals and web services described herein.

39. By way of example only and without limiting Plaintiff's claims to these specific examples, Defendants infringe at least claim 16 of the '177 Patent through their implementation and use of systems that:

   a. Implement the customer/agency WebSphere Portal at least through https://www.kemper.com/wps/portal;

   b. Implement a customer/agency portal at least through the website https://www.ekemper.com/KemperCustomerPublic/longin.jspx;

   c. Implement a customer/agency portal at least through the website https://specialty.kemper.com

40. For example, but without limitation, Defendants' implementation and use of these customer/agency portals allows Defendants to provide at least their agents and/or customers personalized access to policy, claim, and other information through a single access point. External application content from Defendants' existing infrastructure can be incorporated and accessed through Defendants' implementation and use of these portals.

41. Defendants' implementation and use of these portals constitutes method of distributing content through distributed information access points.

42. On information and belief, Defendants' implementation and use of these portals provides a database on a server accessible over a communication link capable of storing information about: a) content, and b) users.

43. On information and belief, Defendants' implementation and use of these portals assembles content into one or more distributed information access points which are in communication with the database over the communication link.

44. On information and belief, Defendants' implementation and use of these portals

presents one or more distributed information access points to one or more potential users at a visually perceptible location.

45. On information and belief, Defendants' implementation and use of these portals selects content from one or more of an entire range of distributed information access points for addition to a centralized access point of the particular user.

46. On information and belief, Defendants' implementation and use of these portals accesses the centralized access point of the particular user from one or more distributed information access points to gain access to the selected content.

47. Intellectual Ventures has been injured and seeks damages to adequately compensate it for Defendants' infringement of the '177 Patent.  Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

48. Defendants will continue to infringe the '177 Patent unless enjoined by this Court.  Intellectual Ventures therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the '177 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '177 Patent.

## VI.  VICARIOUS LIABILITY

49. The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

50. Despite separate corporate entities, Defendants engage in the above-described conduct jointly and as part of an overall business strategy in which share the same management, employees, and facilities, and they offer the same types of insurance products.  As such, Intellectual Ventures contends that Defendants are individually liable for their conduct and are

vicariously liable for the conduct of each other as well as their subsidiary entities.

## VII.  NOTICE

51. The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

52. Intellectual Ventures made several attempts to engage in pre-suit discussions with Kemper Corporation in light of its and its subsidiaries' unauthorized use of Intellectual Ventures' intellectual property.  Intellectual Ventures reached out by phone, email, and/or parcel service on at least five separate occasions from July of 2014 through February of 2015, in an attempt to engage in meaningful discussions with Kemper. While no response was ever received, Defendants were on notice of their infringement as a result of Intellectual Ventures' attempts to engage in pre-suit discussions.

53. At least by filing and serving this Original Complaint for Patent Infringement, Plaintiff has given Defendants written notice of their infringement.

## VIII.  DAMAGES

54. The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

55. For the above-described infringement, Plaintiff has suffered injury and seeks damages to compensate it adequately for Defendants' infringement of the Patents-in-Suit.  Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## IX.  JURY DEMAND

56. Plaintiff requests a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff respectfully requests the following relief:

a. A judgment in favor of Plaintiff that Defendants have infringed the '442 Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment in favor of Plaintiff that Defendants have infringed the '177 Patent, whether literally or under the doctrine of equivalents, as described herein;

c. A judgment and order requiring Defendants to pay Plaintiff's damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '442 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

d. A judgment and order requiring Defendants to pay Plaintiff's damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '177 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

e. An order under 35 U.S.C. § 283 permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United Stats the products and processes accused of infringing the '442 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '442 Patent;

f. An order under 35 U.S.C. § 283 permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United Stats

    the products and processes accused of infringing the '177 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '177 Patent; and

g. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Derek Gilliland*

_____

**DEREK GILLILAND**
**ATTORNEY-IN-CHARGE**
TEXAS STATE BAR NO. 24007239
dgilliland@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Dr.
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-5389

**BEN KING**
TEXAS STATE BAR NO. 24048592
benking@nixlawfirm.com
**NIX PATTERSON& ROACH, L.L.P.**
2900 St. Michael Dr., Ste. 500
Texarkana, Texas 75503
Telephone: (903) 223-3999
Facsimile: (903) 223-8520

**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
kirkvoss@me.com
**WINN CUTLER**
TEXAS STATE BAR NO. 24084364
winncutler@nixlawfirm.com
**CHRISTIAN HURT**
TEXAS STATE BAR NO. 24059987
christianhurt@nixlawfirm.com
**ROSS LEONOUDAKIS**
TEXAS STATE BAR NO. 24087915
rossl@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**

          5215 N. O'Connor Blvd., Ste. 1900
          Irving, Texas 75039
          Telephone: (972) 831-1188
          Facsimile: (972) 444-0716

***Counsel for Intellectual Ventures II LLC***

Original Complaint for Patent Infringement
Page 15 of 15